IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY FONTALVO,<br><br>   Petitioner,<br><br>  v.<br><br>STU SHERMAN, WARDEN,<br><br>   Respondent. | Case No. ED CV 20-106 RSWL (MRW)<br><br>**ORDER DISMISSING HABEAS ACTION WITHOUT PREJUDICE** |

  The Court dismisses this habeas action without prejudice for failure to prosecute and for lack of federal jurisdiction.

* * *

  1. This is a habeas action involving a state prisoner. In 2013, Petitioner pled guilty to attempted murder.[1] The trial court sentenced Petitioner to term of 15 years in prison.

  2. At some later time, Petitioner challenged his sentence in state court based on the enactment of new state law. Although not entirely clear

---

[1] In his petition, Petitioner claimed that he was convicted in 1982. A closer review of the attachments to his pro se petition reveals that this was the year of his birth, not of his conviction. (Docket # 1 at 32.)

from the face of the petition, Petitioner apparently did not seek review of the matter in the state supreme court. (Docket # 1 at 5-6.) Instead, he filed this habeas action in federal court.

3. Magistrate Judge Wilner screened the petition pursuant to local practice and Habeas Rule 4. Judge Wilner preliminarily concluded that the habeas petition (a) contained unexhausted claims and (b) did not clearly present cognizable claims for federal habeas relief. (Docket # 4.) Judge Wilner ordered Petitioner to respond with information regarding how he intended to proceed with the unexhausted claims. The order also required Petitioner to submit a supplemental statement explaining the nature of the federal constitutional claims in the petition. Judge Wilner ordered Petitioner to respond to the motion or take other appropriate action by mid-February 2020.

4. Petitioner did not respond to the Court's screening order. Judge Wilner then issued an order to show cause why the action should not be dismissed. (Docket # 6.) The order warned Petitioner that failure to respond would "result in a recommendation that the action will be dismissed pursuant to Federal Rule of Civil Procedure 41(b)" for failure to prosecute the action. Petitioner did not respond to the Court's OSC, either.

\* \* \*

5. Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Dietz v. Bouldin, ___ U.S. ___, 136 S. Ct. 1885, 1892 (2016).

6. Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the

1 court's need to manage its docket, and to avoid the risk of prejudice to
2 defendants.  Additionally, a court must consider the public policy favoring
3 disposition of cases on their merits and the availability of less drastic
4 alternatives in its evaluation.  <u>Applied Underwriters, Inc. v. Lichtenegger</u>,
5 913 F.3d 884, 890 (9th Cir. 2019); <u>Dreith v. Nu Image, Inc.</u>, 648 F.3d 779,
6 788 (9th Cir. 2011).

7     7.    In the present action, dismissal is appropriate.  Petitioner did not respond to the Attorney General's original dismissal motion or two orders regarding this action.  The magistrate judge expressly advised Petitioner that he risked dismissal of his case if he did not act.  Petitioner's failure to respond to the Court's orders demonstrates that he has no interest in advancing the action here.

13     8.    By contrast, the Court, the state, and the public have a strong interest in terminating this action.  This is particularly true given that Petitioner effectively abandoned his case by not responding to the Court's orders or the Attorney General's dismissal motion in the action.  Furthermore, because Petitioner is a <u>pro se</u> litigant who did not abide by the Court's recent order, no sanction short of dismissal will be effective in moving this case forward.  <u>Applied Underwriters</u>, 913 F.3d at 890.

20     9.    Further, this Court is without jurisdiction to consider habeas corpus relief for Petitioner.  From the face of the petition, it is apparent that Petitioner has not pled a federal constitutional claim that has been properly presented and exhausted in the state court system.  28 U.S.C. § 2254.  On that basis, the Court does not have jurisdiction over the matter.

1       10.   Dismissal is appropriate under Rule 41(b).  Accordingly, this
2  action is DISMISSED without prejudice.
3       IT IS SO ORDERED.

Dated: 4/28/2020           s/ RONALD S.W. LEW
                                    HON. RONALD S.W. LEW
                                    SENIOR U.S. DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE